UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

JUSTIN M. TILFORD,

    Plaintiff,

vs.

FEDERAL EXPRESS CORPORATION, a Foreign Profit Corporation,

    Defendant.

_____/

**COMPLAINT**

Comes now, JUSTIN M. TILFORD, (hereinafter "Plaintiff") by and through his undersigned attorney and hereby sues Defendant FEDERAL EXPRESS CORPORATION, a Foreign Profit Corporation (hereinafter, "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., and Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to

conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff, at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that he is a person with a disability as defined by those Acts.

7. Defendant is a foreign profit corporation registered to do business in Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. All the actions complained of herein took place at the Miami, Florida location and within the Southern District of Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII, the ADA, ADAA, and FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff was an employee covered by Title VII, the ADA, the ADAAA and the FCRA in that he was subjected to dismissal from employment based on his disability and in retaliation for his disability and request for an accommodation.

11. Plaintiff alleges causes of action for violations of the Title VII, FCRA, ADA, and the ADAAA as a result of the Defendant's dismissal of Plaintiff from employment.

12. Plaintiff has exhausted all administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

13. The last known date of any form of discriminatory conduct on Defendant's part against Plaintiff occurred on June 24, 2021.

14. Plaintiff's Charge was filed on or about September 17, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

15. Plaintiff was issued a Letter of Determination on or about August 5, 2022, by the EEOC finding reasonable cause to believe that the violations occurred.

16. Plaintiff was then issued a Notice of Right to Sue on March 29, 2023. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

17. Plaintiff was hired by Defendant on or about January 18, 2011, as a part-time handler in the Los Angeles, California regional hub sort operations.

18. On or about January 17, 2014, Plaintiff sustained an on-the-job injury to his lower back while working as a material handler.

19. On or about March 30, 2015, Plaintiff was released to return to work with permanent limitations. Plaintiff was diagnosed with lumbar spine strain/sprain with degenerative disc disease. Lumbar spine strain/sprain with degenerative disc disease is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's ability to, at minimum, lift, kneeling, crawling climbing, standing and walking.

20. From March 2015, Plaintiff received medical treatment for his condition through workers compensation until on or about January 6, 2021, when he was deemed to have reached maximum medical improvement.

21. On or about January 6, 2021, Plaintiff received a work release with permanent restrictions which included no carrying or lifting over seventy-five (75) pounds, no standing or sitting for more than fifty-five (55) minutes /sixty-five (65) minutes without a change in position or ability to rest and stretch.

22. On or about January 28, 2021, Plaintiff was allotted 90 calendar days by Defendant to apply for a position for which he could perform the essential functions of, with his new restrictions. Pursuant to Defendant's policy, during the 90-day period, Plaintiff would be entitled to preferential placement for any lateral or lower-level position with the Company.

23. Plaintiff applied for numerous positions in Defendant's Miami, Florida locations for which he was qualified for with or without a reasonable accommodation.

24. On or about April 13, 2021, in connection with his applications to the position of cage agent in Miami Florida and the position of material handler at the ship center in Fort Lauderdale, Florida, Plaintiff submitted a request for reasonable accommodations in accordance with his modified restrictions.

25. On or about April 29, 2021, Plaintiff was offered the cage agent position in Miami, Florida which he accepted. Plaintiff was set to start on May 3, 2021, with a reasonable accommodation in accordance with his modified medical restrictions.

26. On or about May 3, 2021, Plaintiff was informed by Defendant that the offer for the cage agent position was being rescinded based upon his permanent restrictions from 2015 and terminating his employment with the Defendant.

27. Defendant's stated reason for rescinding the job offer and terminating Plaintiff was pretextual.

28. Plaintiff was at all relevant times qualified for the cage agent position in that he was able to perform the essential functions of the job with his modified medical restrictions.

29. Plaintiff's disability and/or Plaintiff's requests for reasonable accommodation(s) were, at minimum, a motivating factor(s) in Defendant's decision to terminate his employment.

30. Defendant acted with intentional disregard for Plaintiff's rights under Title VII, the FCRA, the ADA, and the ADAAA.

31. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

32. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## DISABILITY DISCRIMINATION
## UNDER THE ADA AND ADAAA

33. Plaintiff incorporates herein the allegations in paragraphs 1-32, inclusive, as though same were fully re-written, and says:

34. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

35. Plaintiff is disabled as he suffers from a lumbar spine strain with a degenerative disc disease which is an impairment that substantially limits one or more major life activities; to wit: sit, stand, carry, lift, bend, twist and stoop permanently.

36. Plaintiff, was qualified to perform the essential functions of his job as a cage agent with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

37. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

38. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to Plaintiff's termination, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability.

39. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, if any, is pretextual and asserted only to cover up the discriminatory nature of its conduct.

40. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability was also motivating factor(s) for Defendant's adverse treatment of Plaintiff.

41. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of his disability by terminating him because of his condition under the circumstances described above.

42. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

43. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and the ADAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant for:

   A.   Actual damages as a result of Defendant's discriminatory actions;
   B.   Punitive damages due to Defendant's willful behavior;
   C.   Compensatory damages;
   D.   Injunctive relief where feasible;
   E.   Attorney's fees;
   F.   Costs of this action; and
   G.   Any other relief this Court deems proper.

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAAA

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-32 of this complaint as if set out in full herein.

45. Plaintiff is disabled as he suffers from a medical condition that limits one or more major life activities; to wit: sit, stand, carry, lift, bend, twist and stoop permanently.

46. Plaintiff is, and at all times was, qualified to perform the essential functions of his job with or without a proposed reasonable accommodation.

47. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

48. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

49. At the time of his application to the cage agent position, Plaintiff requested reasonable accommodations in accordance with his modified medical restrictions. Plaintiff made this request through Defendant's representative and HCMP advisor, Richard Allen (hereinafter "Allen").

50. These requests were reasonable and would not have caused Defendant undue hardship.

51. While initially, Defendant agreed to provide the reasonable accommodation, Defendant rescinded the job offer and terminated Plaintiff before he was able to start in the new position.

52. As a result of Defendant's action, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

53. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying his request(s).

WHEREFORE, Plaintiff requests judgment against Defendant as follow:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees and costs of this action; and

  F. Any other relief this Court deems proper.

**COUNT III**
**VIOLATION OF THE ADA AND ADAAA**
**(RETALIATION)**

54. Plaintiff incorporates herein the allegations in paragraphs 1-32, inclusive, as though same were fully re-written, and says:

55. On or about April 13, 2021, Plaintiff requested reasonable accommodations pursuant to his modified limitations as a result of his disability, in connection with his job application for the Cage agent position. This request was made to Allen, who was aware of Plaintiff's condition.

56. Plaintiff was qualified for the cage agent position in that he could have performed the essential functions of the job which did not require him to lift more than seventy-five pounds.

57. As a direct result of Plaintiff's requests for reasonable accommodations, the Defendant denied Plaintiff's request to accept the cage agent position and terminated his employment without a valid reason.

58. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

59. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

60. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

 A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional

reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

61. Plaintiff incorporates herein the allegations in paragraphs 1-32, inclusive, as though same were fully re-written, and says:

62. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

63. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

64. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such disability.

65. Defendant, moreover, failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap(s)/disability/disabilities as required by law, despite being presented with a reasonable accommodation by Plaintiff which would not have imposed an undue hardship on Defendant and which would have enabled Plaintiff to perform the essential functions of his position.

66. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and/or its failure/refusal to reasonably accommodate Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

67. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or requests for accommodation were also motivating factors for Defendant's adverse treatment of Plaintiff.

68. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

69. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

70. Plaintiff incorporates herein the allegations in paragraphs 1-32, inclusive, as though same were fully re-written, and says:

71. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

72. On or about April 13, 2021, Plaintiff requested reasonable accommodations pursuant to his modified limitations as a result of his disability, in connection with his job application for the Cage agent position. This request was made to Allen, who was aware of Plaintiff's condition.

73. Plaintiff was qualified for the cage agent position in that he could have performed the essential functions of the job which did not require him to lift more than seventy-five pounds.

74. Defendant knew of Plaintiff's disability and his request as Plaintiff made this request to Defendant's representative, Richard Allen who is the HCMP advisor.

75. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

76. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of his supervisor and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

77. Defendant's alleged reason(s) terminating Plaintiff are pretextual as described above.

78. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability and/or requests for accommodation were a motivating factor in the decision for the adverse employment action(s).

79. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay,

benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff JUSTIN M. TILFORD demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 19, 2023

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200
